## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

ERCIL K. GATES
ADC #143759                                                          PLAINTIFF

V.                                    4:09CV00267 JTR

DOC HOLLADAY, Pulaski County Sheriff; and
NANCY BRAWLEY, Mailroom Supervisor,
Pulaski County Detention Facility                                   DEFENDANTS

## ORDER OF DISMISSAL[1]

### I.  Introduction

Plaintiff, Ercil K. Gates, is a prisoner in the Arkansas Department of Correction.  He has commenced this *pro se* § 1983 action alleging that Defendants, Sheriff Doc Holladay and Mailroom Supervisor Nancy Brawley, violated his constitutional rights while he was in the Pulaski County Detention Facility ("PCDF").  *See* docket entry #2.

The parties have filed cross Motions for Summary Judgment.[1]  Before discussing those Motions, the Court will summarize the relevant, undisputed facts.

In February of 2009, Plaintiff was a convicted prisoner in the PCDF waiting to be transported

---

[1]  On July 14, 2009, the parties consented to proceed before a United States Magistrate Judge.  *See* docket entry #22.

[1]  Defendants have filed a Motion for Summary Judgment, a Supporting Brief, a Statement of Undisputed Facts, and a Reply.  *See* docket entries #34, #35, #36, and #51.  Plaintiff has filed a Response, a Supplemental Response, a Brief in Support, a Statement of Disputed Facts, and an Affidavit.  *See* docket entries #47, #48, #49, #50, and #56.

Plaintiff has filed a Motion for Summary Judgment, a Supporting Brief, a Statement of Undisputed Facts, an Affidavit, a Reply, and a Reply Brief.  *See* docket entries #37, #38, #39, #40, #52, and #53.  Defendants have filed a Response, a Brief in Support, and a Statement of Disputed Facts.  *See* docket entries #44, #45, and #46.

to the ADC.  *See* docket entries #2 and #49.  At that time, the PCDF had a written policy prohibiting prisoners from having more than three family photographs.  *See* docket entry #36, Ex. A-1.   The policy further provided that any additional photographs would be deemed "contraband," "subject to confiscation and disposal."[2]  *Id.*

On February 3, 9, and 17, 2009, Plaintiff's wife, Tisichia Gates, mailed him letters containing several photographs of family members.  *See* docket entries #36 and #49.  Plaintiff was allowed to keep three photographs.  *Id.*  PCDF mail personnel returned the additional photographs and the letters to Tisichia.  *Id.*  Defendants allege that they also sent Tisichia a notice explaining why the letters and photographs were being returned.[3]  *See* docket entry #36, Ex. A.  Plaintiff and Tisichia deny receiving any such notice.  *See* docket entries #39 at Ex. P, #40, #50,

On March 11, 2009, Plaintiff filed the first of several grievances challenging the Defendants' decision to return the letters and photographs to Tisichia.  *See* docket entry #39, Ex. A.  Thus, it is clear that either PCDF officials or Tisichia informed Plaintiff that the mail and photographs were being returned to Tisichia.  Additionally, Plaintiff concedes, in his Complaint, that Tisichia returned at least one letter to him without the photographs.  *See* docket entry #2.

On March 19, 2009, Tisichia attempted to circumvent the PCDF photograph policy by sending Plaintiff a letter with photocopies of family photographs, and not actual photographs.  *See* docket entries #2, #36, and #49.  The next day, on March 20, 2009, PCDF officials returned the mail

---

[2] In May of 2009, the PCDF established a new policy prohibiting prisoners from having *any* photographs. *See* docket entry 36, Ex. A.

[3] In his affidavit, Defendant Holladay states that, pursuant to PCDF policy, jail "officials would have enclosed a notice in the returned mail explaining why it was being returned."  *See* docket entry #36, Ex. A at ¶ 9.

to Tisichia with a written notice explaining that it violated the PCDF policy allowing prisoners to have no more than three photographs.  *See* docket entry #36, Ex. A-2.

## II.  Discussion

### A.    First Amendment Right to Free Speech

Plaintiff alleges that the PCDF policy limiting him to only three photographs violates his First Amendment right to free speech.  *See* docket entry #2.

It is well settled that prisoners have a First Amendment right to receive non-legal mail and photographs. *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989); *Davis v. Norris*; 249 F.3d 800, 801 (8th Cir. 2001).  However, that right is not absolute.  Instead, a prison my place limits on an inmate's receipt of mail and photographs if the regulations are "reasonably related to legitimate penological interests." *Id.*   When making that determination, a court must consider: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the rights that remain open to the inmates; (3) the impact that accommodation of the asserted constitutional right would have on guards and other inmates, and on the allocation of prison resources generally; and (4) whether any ready alternatives exist to the prison regulation. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Griffin v. Lombardi*, 946 F.2d 604, 607 (8th Cir. 1991).

In his affidavit, Defendant Morgan explains the three-photograph policy was created to meet the legitimate penological interests of maintaining order, security, and safety.  *See* docket entry #36, Ex. A.  Specifically, family photographs have great sentimental value to inmates and can become a source of conflict between prisoners. *Id.*  Additionally, excessive photographs create a fire hazard and make it more difficult to search cells.  *Id; see also Ortiz v. Fort Dodge Corr. Facility.,* 368 F.3d

1024, 1027 (8th Cir. 2004) (explaining that "*Turner* does not require actual proof that a legitimate interest will be furthered by the challenged policy, only that the interest being served and the policy have an objectively rational connection); *Herlein v. Higgins*, 172 F.3d 1089, 1091 (8th Cir. 1999) (same).

Importantly, PCDF inmates have the alternative means of communicating with their family by phone calls, personal visits, and exchanging letters that do not contain more than three photographs. *Id.* Similarly, the three-photograph limit is not particularly burdensome because the PCDF is only a temporary holding facility. *Id.*

Finally, Defendant Holladay explains that allowing prisoners to have more photographs would require him to expend scarce resources to hire additional jail guards to search cells and resolve potential disputes between inmates over photographs. *Id.; see also Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (explaining that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security").

In light of this information, the Court concludes that the PCDF's three-photograph policy does not violate the First Amendment. *See Staley v. Holladay*, 4:09CV00310 HLJ (E.D. Ark. Jan.12, 2010) (unpublished opinion) (also concluding that the PCDF's three-photograph policy did not violate the First Amendment); *Davis v. Norris*, 03-1942, 2004 WL 133988 (8th Cir. Jan. 22, 2004) (unpublished opinion) (holding that the ADC's five-photograph policy did not violate the First Amendment).

Plaintiff also alleges that Defendants violated his First Amendment right to free speech when they returned Tisichia's letters along with the photographs, even though the PCDF policy applied

only to photographs. *See* docket entry #2. Plaintiff's argument overlooks that fact that Defendants

did not destroy or otherwise permanently prevent Plaintiff from receiving Tisichia's letters. Instead,

Defendants returned the letters so that Tisichia could resend them to Plaintiff without any additional

photographs. Importantly, Plaintiff concedes that, on at least one occasion, Tisichia did, in fact,

resend her letter to him. *See* docket entry #2. Thus, the Court concludes that Defendants are entitled

to summary judgment on Plaintiff's First Amendment claim.

**B.      Fourteenth Amendment Right to Procedural Due Process**

Plaintiff also alleges that Defendants violated his Fourteenth Amendment right to procedural

due process when they returned the letters and photographs to Tisichia without giving Plaintiff

notice. *See* docket entry #2.

To state a procedural due process violation, a prisoner must demonstrate a deprivation of a

protected liberty or property interest.[4]  *See Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir.

2006). Defendants argue that Plaintiff did not have a liberty interest in the photographs that were

returned to Tisichia because they were deemed "contraband," pursuant to the PCDF three-

photograph policy. *See* docket entry #45; *see also Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir.

1984) (holding that prisoners do not have a due process liberty interest in contraband).

However, the Eighth Circuit recently held, in *Bonner v. Outlaw*, 552 F.3d 673, 678 (8th Cir.

2009), that "an inmate has a right to procedural due process – including notice – whenever any form

_____

[4]  It does not appear that Plaintiff is claiming a property interest in the photographs and
letters. *See* docket entry #2. Even if he had, such a claim would fail because it is well settled that
a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his
personal property as long as the State provides a post-deprivation remedy to address the property
loss, such as filing a claim before the Arkansas Claims Commission. *See Hudson v. Palmer*, 468
U.S. 517, 533-6 (1984); *Williams v. Campbell*, Case No. 00-3699, 2001 WL 1549545(8th Cir. Dec.
6, 2001) (unpublished opinion).

of correspondence addressed to that inmate is rejected."  Importantly, the Court clarified that this rule applies even if the correspondence is properly rejected pursuant to a prison policy. *Id.*

As previously discussed, there is a genuine issue of disputed fact as to whether PCDF officials provided Plaintiff with notice that his letters and photographs were being returned to Tisichia.[5]  However, it is *undisputed* that on March 11, 2009, Plaintiff filed the first of several grievance challenging the return of his letters and photographs from Tisichia.  *See* docket entry #39, Ex. A.  It is unclear whether Plaintiff acquired this information from PCDF officials, Tisichia, or some other source.  However, in *Bonner*, the Court clarified that "a person cannot complain about the constitutionality of the method used to provide notice when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm."  *Bonner*, 552 F.3d at 679 (quoting *Nunley v. Dept. of Justice*, 425 F.3d 1132, 1129 (8th Cir. 2005)).

Although he has been given the opportunity to do so, Plaintiff has not come forward with *any* evidence demonstrating that he was harmed by being notified, sometime in March, that several of his letters had been returned to Tisichia.[6]  Accordingly, the Court concludes that Defendants are also

[5]  Plaintiff states in his affidavits that Defendants did not provide him with notice.  *See* docket entries #40 and #50.  In his affidavit, Defendant Morgan states that notice "would have been sent" to Tisichia with the returned mail. *See* docket entry #36, Ex. A. Additionally, he has produced a March 20, 2009 notice that was sent to Tisichia. *Id.,* Ex. A-1.  However, Defendants have not provided any evidence demonstrating that they sent notice to Plaintiff that his mail was being returned to Tisichia.

[6]  By way of relief, Plaintiff has requested a million dollars in compensatory and punitive damages.  *See* docket entry #2.  Even if Plaintiff had prevailed on the merits of either of his constitutional challenges, he would not be entitled to any compensatory damages because he did not suffer a *physical injury*.  *See* 42 U.S.C. § 1997e(e); *Royal v. Kautzky,* 375 F.3d 720, 723 (8th Cir. 2004). Additionally, Plaintiff has not presented any evidence suggesting that he would be entitled to punitive damages.  *See Smith v. Wade*, 461 U.S. 30, 56 (1983) (explaining that a prevailing party is entitled to punitive damages only when a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights

entitled to summary judgment on Plaintiff's due process claim.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's Motion for Summary Judgment (docket entry #37) is DENIED.

2.      Defendants' Motion for Summary Judgment (docket entry #34) is GRANTED, and the case is DISMISSED, WITH PREJUDICE.

3.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 9th   day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

of others").  Further, Plaintiff is not entitled to injunctive relief because he is no longer confined in the PCDF.  *See Owens v. Isaac,* 487 F.3d 561, 564 (8th Cir. 2007) (explaining that a prisoner's claim for injunctive relief is moot when he  is transferred to another facility). Thus, even if Plaintiff had prevailed on the merits of either of his constitutional claims, he would have only been entitled to $1 in nominal damages.